Charles H. COX, Jr., Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 89-SC-29-KB.

Supreme Court of Kentucky.

Feb. 9, 1989.

## OPINION AND ORDER

STEPHENS, Chief Justice.

This case coming on to be heard on the motion of movant, Charles H. Cox, Jr., to be permitted to resign from the Kentucky Bar Association pursuant to SCR 3.480; and it appearing to the court that certain charges are presently pending against movant, as follows:

1. Movant was appointed fiduciary for an estate in the Jefferson Probate Court and failed to timely file documentation as required by law; resulting in nonaccrual of interest as well as a jeopardy assessment and a tax penalty imposed against the estate;

2. Movant commingled funds of the estate with his personal funds and charged and collected from the estate an excessive fee; and

3. Movant has been charged with conduct constituting unprofessional or unethical conduct tending to bring the bench and bar into disrepute.

The Kentucky Bar Association having no objection to said resignation under the terms of disbarment, IT IS HEREBY ORDERED:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his license to practice law.

2. Movant shall not file an application for reinstatement for a period of five (5) years from the date the court enters an order granting his motion to resign. Notwithstanding the five-year period mentioned above, the movant will not file an application for reinstatement if there is any outstanding claim or unsatisfied judgment for money which may be owed to either the estate of Elma Lee Nichols, Sondra Demos, Administratrix *De Bonis Non,* or Western Surety Company as a result of movant's activities described in the charges referred to in paragraphs 1 and 2 on page 1.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in cases of disbarment, or any subsequent amendment to SCR 3.520.

4. All charges issued by the Inquiry Tribunal and all disciplinary proceedings pending against movant shall be terminated, with the costs to be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Movant shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

So much of this proceeding as contained in this order shall constitute public record.

All concur.